[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Michele Roy, moves to open the judgment of dissolution of her marriage because of fraud allegedly committed by the plaintiff, Robert Roy. On July 26, 1999, the court held an evidentiary hearing on this motion and finds the following facts.
On August 21, 1998, the parties appeared for a limited contested dissolution trial. Pretrial discussions resulted in a CT Page 9787 settlement agreement, and the dissolution hearing proceeded as an uncontested matter. The settlement agreement, adopted by the court, had among its provisions the transfer of the marital residence at 61 Marcy Lane, Thompson, Connecticut, to the defendant, the transfer of $65,000 over five years to the defendant, and the payment of weekly alimony of $200 for three years by the plaintiff to the defendant. Also, the defendant relinquished her interest in the auto glass repair business of the plaintiff.
While the case was pending, the plaintiff had the marital residence evaluated by a real estate appraiser, Conrad Allen. The defendant was aware of this professional appraisal because the inspection of the property had to be coordinated through her with respect to scheduling and access. Neither the defendant nor her attorney, however, ever requested a copy of the appraisal, and the plaintiff never communicated the results of this appraisal to the defendant or her counsel.
During negotiations, the plaintiff contended the residence was worth $148,000 and noted that amount on his financial affidavit submitted to the court and opposing counsel. In arriving at a settlement, the parties used the $148,000 figure in determining the equity available for distribution which came to around $44,000. One-half of that equity, or $22,000, was deducted from the defendant's one-half interest in the family business to arrive at the $65,000 amount to be paid to the defendant under the agreement.
Some time after the dissolution, the defendant decided to refinance her home. The refinancing process required a new, professional appraisal. The same appraiser, Allen, was retained to perform this assessment. On February 21, 1999, Allen furnished the defendant with a written appraisal valuing her residence at $140,000.
The $8,000 difference from the $148,000 value cited in the plaintiff's financial affidavit surprised the defendant. When she inquired of Allen, she learned for the first time that his earlier valuation was $136,000. The defendant had assumed that the $148,000 figure used by the plaintiff in negotiations and on his financial affidavit was identical with Allen's determination of the fair market value. As noted above, the plaintiff never made such representation nor furnished the defendant with a copy of Allen's first written appraisal, and the defendant made no CT Page 9788 discovery request in this regard.
The defendant contends that the nondisclosure of the $136,000 valuation by Allen was fraudulent and demands the revocation of the judgment under the principles set forth in Billington v.Billington, 220 Conn. 212 (1991). The plaintiff, on the other hand, argues that he had no affirmative obligation to reveal the result of Allen's appraisal which was but one factor which he employed in arriving at the $148,000 figure, which he genuinely felt was the true fair market value of the residence.
It should be noted that the defendant makes no claim of mutual mistake or negligent misrepresentation. Her motion is solely based on a claim of fraud under the Billington case, supra.
For purposes of setting aside a dissolution judgment, fraud means deliberate deception practiced to induce another to part with a legal interest, Billington v. Billington, supra, 217. The crucial statement or representation must be false and known to be false by its maker, Id. The burden of proving fraud rests on the movant by clear and convincing evidence, Id., 218.
The court concludes that the defendant has failed to meet this burden. The court finds the testimony of the plaintiff credible as to his belief that $148,000 reflected the actual fair market value of the property on August 21, 1998. Also, the court finds that the plaintiff never intended to deceive the defendant amount the value he recited in negotiations and on his financial affidavit.
In the Billington case, supra, the husband concealed the fact that he had an agreement to sell property for $380,000. Instead, he listed its value as $220,000 knowing that he had a purchase agreement for much more. He withheld both the amount of the agreement and its very existence. In the present case, the plaintiff never concealed the fact that he had a professional appraisal done. He never characterized the $148,000 value as that contained in the professional appraisal. He arrived at the $148,000 amount using the appraiser's written report, the appraiser's earlier oral estimates, and his own judgment as to his residence's value. The $12,000 discrepancy is minor compared to the grossly disproportionate amounts present in the Billington
case, supra. The defendant's misunderstanding about the source of the $148,000 figure arose from her erroneous assumption that that CT Page 9789 amount had to be identical with Allen's final evaluation.
For these reasons, the motion to open the judgment is denied.
SFERRAZZA, J.